1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   ERICK LATON STEWART, SR., | Case No.  1:20-cv-00978-JLT-HBK(PC) |
| 12        Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| 13      v. | (Doc. No. 29) |
| 14   A. DE LA CRUZ and J, MIRAMONTES, | |
| 15        Defendants. | |

16

17          Pending before the Court is Plaintiff's motion for appointment of counsel filed December

18     29, 2023.  (Doc. No. 29).  Plaintiff, a prisoner, is proceeding pro se and *in forma pauperis* on his

19     civil rights complaint alleging an Eight Amendment excessive use of force claim against

20     Defendants.  (Doc. Nos. 1, 4).  Plaintiff seeks appointment counsel because he "is a greenhorn at

21     law" and has been diagnosed by correctional officials "as an inmate requiring a level of mental

22     health care that necessitates prison officials to communicate with Plaintiff in a slowly spoken

23     mode to assure that Plaintiff understands what is being conveyed to him."  (Doc. No. 29 at 2).

24     Additionally, Plaintiff has had the assistance of other inmates to help him with this litigation, but

25     either he or the inmates who previously assisted him have been transferred.  (*Id*.).

26          At the outset, the United States Constitution does not require appointment of counsel in

27     civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S.

28     817 (1996), did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. §

1   1915, this court has discretionary authority to appoint counsel for an indigent to commence,

2   prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to

3   appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519

4   F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel

5   in civil cases) (other citations omitted).  The Court grants motions to appoint counsel in civil

6   cases only in "exceptional circumstances."  *Id.* at 1181.  Factors the court considers when

7   determining if exceptional circumstances warrant appointment of counsel are many and include,

8   inter alia, proof of indigence, the likelihood of success on the merits, and the ability of the

9   plaintiff to articulate his claims *pro se* considering the complexity of the legal issues involved.

10  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other*

11  *grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

12          Plaintiff has not met his "burden of demonstrating exceptional circumstances.*" Jones v.*

13  *Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).   Plaintiff's claim that he lacks legal

14  skills or suffers from low cognitive functioning "are typical of almost every *pro se* prisoner civil

15  rights plaintiff and alone" are insufficient to satisfy the "exceptional circumstances" standard

16  required to justify appointment of counsel. *Torres v. Jorrin*, 2020 WL 5909529, at *1 (S.D. Cal.

17  Oct. 6, 2020)(quoting *Thompson v. Paramo*, No. 16CV951-MMA (BGS), 2018 WL 4357993, at

18  *1 (S.D. Cal. Sept. 13, 2018)); *see also Jones v. Kuppinger*, 2015 WL 5522290, at *3-4 (E.D.

19  Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general

20  education, lack of knowledge of the law, mental illness and disability, do not in themselves

21  establish exceptional circumstances warranting appointment of voluntary civil counsel.").  Nor

22  does Plaintiff submit evidence to demonstrate a nexus between his alleged intellectual or mental

23  impairments and an inability to articulate his claim or litigate this case. *West v. Dizon*, No. 2014

24  WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel when Plaintiff

25  submitted no evidence of mental disability as to the "nature or effects" of the disability).

26          Further, the fact that Plaintiff utilized the assistance of other inmates to litigate this case

27  does not constitute exceptional circumstances. *See Montano v. Solomon*, 2010 WL 4137476, at *7

28  (E.D. Cal. Oct. 19, 2010) (denying appointment of counsel finding no exceptional circumstance where

1    "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of

2    this case ... as well as the matters now before the court").  Indeed, despite the transfer of the inmates

3    who have assisted Plaintiff in the past, Plaintiff does not allege that correctional officials are

4    preventing him from seeking legal assistance from new inmates.  And contrary to Plaintiff's

5    assertion, the Court does not find that the issues are "so complex that due process violations will

6    occur absent the presence of counsel."  *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).

7    Thus, the Court finds Plaintiff has shown an ability to adequately articulate his claim pro se.

8         Furthermore, the Court recently entered a Discovery and Scheduling Order on October 11,

9    2023.  (Doc. No. 28).  Consequently, this case procedurally is at the earlier stages of litigation, so

10   it is difficult for the Court to determine Plaintiff's likelihood of success on the merits.  *Wilborn v.*

11   *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, 2020 WL 2767358, at

12   *1 (S.D. Cal. May 28, 2020) (holding it was too early to determine plaintiff's likelihood of

13   success on the merits because fact discovery had not been completed).

14        Because Plaintiff fails to establish the requisite "exceptional circumstances," the Court

15   finds it is not in the interest of justice to appoint counsel at this time.

16        Accordingly, it is ORDERED:

17        Plaintiff's motion for appointment of counsel (Doc. No. 29) is DENIED.

18   Dated:    January 22, 2024

19                                          HELENA M. BARCH-KUCHTA
                                            UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                            3