1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   ERICK LATON STEWART SR.,                 Case No.  1:20-cv-00978-JLT-HBK (PC)

12              Plaintiff,                     ORDER DENYING PLAINTIFF'S MOTION
                                               FOR MISCELLANEOUS RELIEF
13         v.
                                               (Doc. No. 41)
14   A. DE LA CRUZ and J. MIRAMONTES,
                                               ORDER DIRECTING DEFENDANTS TO
15              Defendants.                    OPT OUT OF A SECOND SETTLEMENT
                                               CONFERENCE
16
                                               DECEMBER 13, 2024 DEADLINE
17

18

19         On November 15, 2024, Plaintiff filed a pleading titled "Pretrial Statement and Motion for

20   a Settlement Conference and Miscellaneous Request to Bring Case to a[n] Ending [by] Polygraph

21   Test."  (Doc. No. 41).  Although labeled as a "Pretrial Statement," the pleading does not contain

22   any information required by Local Rule 281.[1]  Instead, Plaintiff seeks a polygraph test and a

23   second settlement conference in his pleading.  Thus, the Court does not consider the pleading to

24   be a Pretrial Statement because it wholly fails to comply with Local Rule 281.

25

26   [1] A pleading's "nomenclature is not controlling."  *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 527
     (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058,
27   1061 (9th Cir. 1976)).  Instead, we "construe [the pleading], however styled, to be the type proper for the
     relief requested."  *Id*.
28

                                              1

1    Regarding Plaintiff's request for a polygraph test, the Court twice previously denied

2  Plaintiff's "Motion for Polygraph Examination" brought under Title 9 of the California Code of

3  Regulations and under Cal. Code Regs. tit. 15 § 3293(A)(1)-(3).  (Doc. Nos. 33, 35).  The Court

4  has no authority to order a polygraph examination of Plaintiff.

5    Regarding Plaintiff's request for a settlement conference, the Court notes that the Parties'

6  first settlement conference held on August 28, 2023 resulted in an impasse.  The Court, however,

7  is willing to afford the parties a second opportunity to engage in alternative dispute resolution if

8  all parties believe a second settlement conference would be fruitful.  Attempting to resolve this

9  matter through settlement now would save all parties the time and expense of preparing for trial.

10    Accordingly, it is **ORDERED**:

11    1.  Plaintiff's Motion for Miscellaneous Relief (Doc. No. 41) is **DENIED** to the extent

12       Plaintiff requests a polygraph examination.

13    2.  **No later than December 13, 2024**, Defendants shall file a notice to opt out of a

14       second settlement conference.  If Defendants do not opt out by close of business on

15       December 13, 2024, the Court will set this case for a second settlement conference

16       before a United States Magistrate Judge.

17    3.  Absent further order by the Court, Plaintiff shall serve and file a pretrial statement as

18       described in the Court's October 21, 2024 Order **on or before January 13, 2025**.

19

20  Dated:    December 2, 2024

21                                   HELENA M. BARCH-KUCHTA
                                     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

2