UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK LATON STEWART SR., <br><br>    Plaintiff, <br><br>    v. <br><br> A. DE LA CRUZ and J. MIRAMONTES, <br><br>    Defendants. | Case No. 1:20-cv-00978-HBK (PC) <br><br> ORDER DENYING PLAINTIFF'S FIFTH MOTION FOR POLYGRAPH EXAMINATION <br><br> (Doc. No. 51) |

Pending before the Court is pro se Plaintiff's fifth motion for a polygraph examination filed December 30, 2024. (Doc. No. 51). Plaintiff states he is not seeking an examination to prove he is telling the truth concerning his claim, but rather to show that one was offered and administered. (*Id*. at 1). Defendant filed an opposition on January 21, 2025. (Doc. No. 53).

Plaintiff has filed four previous motions seeking a polygraph examination. (*See* Doc. Nos. 32, 34, 41, and 45). The Court has denied each motion. (*See* Doc. Nos. 33, 35, 42, 48). As previously advised, the Court lacks jurisdiction to order state correctional officials to administer a polygraph examination. *See also Benyamini v. Manjuano*, No. 1:06-cv-01096-AWI-GSA-PC, 2012 U.S. Dist. LEXIS 42960, at *1 (E.D. Cal. Mar. 28, 2012).

Plaintiff continues to file repeated requests for a polygraph examination, which have been considered and denied by the Court. Such repeated filings waste the Court's limited resources and delays the resolution of this action. Each of Plaintiff's motions advance a baseless argument that was been considered and rejected by the Court. The Court will not entertain any further motions from Plaintiff for a polygraph examination. Plaintiff is warned that any further filings requesting a polygraph examination will subject him to sanctions. *See* Fed. R. Civ. P. 11(c). "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of Southern California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)); *see also* Local Rule 110 (permitting court to impose sanctions on any party who fails to comply with a court order).

Accordingly, it is **ORDERED**:

1. Plaintiff's fifth motion for a polygraph examination (Doc. No. 51) is DENIED.
2. Plaintiff is prohibited from filing any further motions seeking a polygraph examination.
3. Plaintiff is warned that any further motions seeking a polygraph examination will subject Plaintiff to sanctions.

Dated:   January 29, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE