UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK LATON STEWART SR., <br><br> Plaintiff, <br><br> v. <br><br> A. DE LA CRUZ and J. MIRAMONTES, <br><br> Defendants. | Case No. 1:20-cv-00978-HBK (PC) <br><br> ORDER STRIKING PLAINTIFF'S PRETRIAL STATEMENT; GRANTING DEFENDANTS' MOTION FOR EXTENSION; MODIFYING SCHEDULING ORDER <br><br> (Doc. Nos. 49, 52) |

On October 11, 2023, the Court entered a second scheduling order setting a pretrial conference for March 24, 2025, and a jury trial for April 22, 2025, both before District Judge Jennifer L. Thurston.  (Doc. No. 38).  The order also set a January 13, 2025 deadline for Plaintiff to file a pretrial statement in accordance with Local Rule 281, a copy of which was included with the order sent to Plaintiff.  (*Id.* at 6; Doc. No. 38-1).  After the scheduling order was entered, the parties consented to magistrate judge jurisdiction and the matter was reassigned to the undersigned.  (Doc. No. 47).

On November 15, 2024, Plaintiff filed a pleading titled "Pretrial Statement and Motion for a Settlement Conference and Miscellaneous Request to Bring Case to a[n] Ending [by] Polygraph

1

Test." (Doc. No. 41). Although labeled as a "Pretrial Statement," the pleading does not contain any information required by Local Rule 281. Critically, it does not set forth (1) the undisputed facts; (2) the disputed factual issues; (3) the disputed evidentiary issues; (4) the relief sought; (5) the points of law; (6) the prospective witnesses; (7) the anticipated exhibits; and (8) the discovery documents that may be relied on at trial, among other deficiencies. *See* Local Rule 281(b). Consequently, the Court will strike the pleading from the docket.

On January 21, 2025, Defendants filed a motion to extend their deadline to disclose expert witnesses until January 29, 2025. (Doc. No. 52). Defendants properly note that under Federal Rule 26(a)(2)(D)(i), their expert disclosures are ninety days before the April 22 trial date, or January 22, 2025, but state an additional seven days are necessary for the expert "to properly assess Plaintiff's medical record and prepare a report." (*Id.* at 1-2).

Because (1) Plaintiff failed to file a proper pretrial statement in accordance with Local Rule 281 by the previously set deadline; (2) Defendants requested an extension of the expert disclosure deadline; and (3) the previously set pretrial conference and jury trial dates cannot be accommodated by the undersigned, a modification of the scheduling order is warranted.

The deadline for expert disclosures is **February 5, 2025**. In the interest of efficiency, the parties shall confer and file a joint pretrial statement no later than **February 28, 2025**.[1] To the extent the parties cannot agree on the substance of the joint pretrial statement, the parties' opposing positions shall be identified and set forth in the same filing.

A pretrial conference is set for **March 19, 2025, at 1:00 p.m.** before Magistrate Judge Helena Barch-Kuchta. The pretrial conference will be held via Zoom video conferencing. The Court will issue a writ of habeas corpus to ensure Plaintiff's attendance but in an abundance of caution directs Defense counsel to notify the litigation coordinator at Plaintiff's place of incarceration to ensure the participation of Plaintiff in the conference. Defense counsel is

---

[1] The scheduling order previously set a January 13, 2025 deadline for Plaintiff to file a motion for the attendance of any incarcerated witnesses and to notify the Court of any unincarcerated witnesses who refuse to testify voluntarily. (Doc. No. 38 at 6). Because Plaintiff has not notified the Court of any such witnesses and the deadline to do so has passed, the Court presumes that any witnesses Plaintiff intends to call are not incarcerated and will testify voluntarily.

directed to contact Courtroom Deputy Patricia Apodaca (papodaca@caed.uscourts.gov) for the connection information.

A 2-day jury trial[2] is set for **April 28, 2025, at 8:30 a.m.**, in Courtroom 2, before Magistrate Judge Helena Barch-Kuchta.  The remaining provisions and guidance set forth in the second scheduling order remain in effect.

Accordingly, it is ORDERED:

1. The Clerk of Court is ordered to **STRIKE** Plaintiff's Pretrial Statement (Doc. No. 41);
2. Defendant's motion for extension (Doc. No. 52) is **GRANTED** *nunc pro tunc* consistent with this order;
3. The deadline for expert disclosures is **February 5, 2025**;
4. The parties' joint pretrial statement shall be filed no later than **February 28, 2025**;
5. In addition to electronically filing a pretrial statement, Defendants shall e-mail the pretrial statement to: hbkorders@caed.uscourts.gov;
6. A pretrial conference is set for **March 19, 2025, at 1:00 p.m.** before Magistrate Judge Helena Barch-Kuchta; and
7. Trial is set for **April 28, 2025, at 8:30 a.m**. in Courtroom 2, before Magistrate Judge Helena Barch-Kuchta.
8. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

Dated:     January 30, 2025

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The number of trial days can be adjusted, if necessary, after the parties file their Joint Pretrial Statement.